IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CHRISTOPHER RAY INGRAM**                                **PETITIONER**

**VERSUS**                            **CIVIL ACTION NO. 4:13CV62 HTW-LRA**

**COMMISSIONER CHRISTOPHER EPPS and**
**WARDEN JOHNNY CROCKETT**                          **RESPONDENTS**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Christopher Ingram filed a petition for writ of habeas corpus relief on April 2, 2013. Respondents filed a motion to dismiss asserting that the petition is barred pursuant to 28 U.S.C. § 2244(d) as untimely under the Antiterrorism and Effective Death Penalty Act of 1996. The Court recommends that the motion be granted for the reasons that follow.

Ingram pled guilty to the lustful touching of a child in the Circuit Court of Lauderdale County, Mississippi. On December 6, 2007, he was sentenced to ten years, in the custody of the Mississippi Department of Corrections, with "four (4) days to serve and nine (9) years three hundred sixty-one (361) days suspended." On March 31, 2010, Ingram's probation was revoked for the use and possession of methamphetamine. On October 13, 2010, Petitioner filed a motion for post-conviction relief, styled as a "Petition to Vacate Sentence and Set Aside Guilty Plea," challenging the voluntariness of his underlying 2007 guilty plea. The Lauderdale Circuit Court denied his petition, and the Mississippi Court of Appeals affirmed the denial in *Ingram v. State*, 107 So.3d 1024 (Miss. Ct. App. 2012), *reh'g denied* Nov. 27, 2012, *cert. denied* Feb. 21, 2013. Ingram

filed the instant petition for federal habeas corpus relief on April 2, 2013 (signed March 13, 2013). In support of their motion to dismiss, Respondents attach the following exhibits: the Sentencing Order pursuant to Ingram's underlying guilty plea; the Revocation Order from Lauderdale County Circuit Court; Ingram's Motion for Post-Conviction Relief; the Order Denying the Motion for Post-Conviction Collateral Relief; and, the opinion of the Mississippi Court of Appeals affirming the denial of the Motion for Post-Conviction Relief.[1]

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition under 28 U.S.C. § 2244(d)(1). AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] ECF Nos. 1-5.

> (d)(1)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Cantu-Tzin v. Johnson*, 162 F.3d 941, 944 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 847 (1999). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Mississippi law prohibits prisoners who plead guilty from directly appealing to the Mississippi Supreme Court. Notwithstanding the statutory prohibition, the Mississippi Supreme Court has historically carved out an exception permitting appeals from a guilty plea within 30 days for challenges to the legality of the sentence. *See Sanders v. Cabana*, 2005 WL 1240784 (N.D. Miss. May 19, 2005). Miss. Code Ann. § 99-35-101 (Supp. 2009)[2] has been amended to expressly prohibit appeals when the defendant enters a plea

---

[2]Miss. Code Ann. § 99-35-101 (Supp. 2009) provides that:

of guilty. As a result, state courts no longer apply the 30-day exception to guilty pleas entered after July 1, 2008, the effective date of the amendment. *See Seal v. State*, 38 So.3d 635, 638 (Miss. Ct. App. 2010); *Burroughs v. State,* 9 So.3d 368, 374 (Miss. 2009) (noting that guilty pleas entered prior to the 2008 amendment should be analyzed in accordance with the court's interpretation of this section as it existed).

Because the petitioner in this case entered his guilty plea before the effective date of the amendment, he is credited with the 30-day period for direct appeal granted to petitioners who pled guilty prior to July 1, 2008. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Ingram's conviction therefore became final on January 5, 2008, 30 days after he pled guilty on December 6, 2007. To toll the statute of limitations, he was required to submit a "properly filed" application for post-conviction collateral relief in compliance with 28 U.S.C. § 2244(d)(2) on or before January 5, 2009. As noted *supra,* Ingram filed his motion for post-conviction collateral relief on October 13, 2010, which was too late to toll the statute of limitations. AEDPA's statute of limitations therefore ran uninterrupted from January 5, 2008 until January 5, 2009. Ingram's federal habeas petition filed in this court on April 2, 2013, is thus untimely.

---

Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a guilty plea and is sentenced, then no appeal from the circuit court to the Supreme court shall be allowed.

Ingram does not dispute that his petition is untimely, nor does he assert that he is entitled to statutory or equitable tolling.[3]  He argues in his traverse, rather, that Respondents have failed to comply with this Court's preliminary order dated April 18, 2013, directing that full and complete transcripts of all proceedings in state court be filed with an Answer or other responsive pleading within 20 days of service.[4]  Ingram argues that the portions of "transcripts" attached to Respondents' Motion to Dismiss "are not true a [sic] correct" and are meant "to mislead this Honorable Court."[5]  These arguments are not well taken.

This Court's preliminary order directing Respondents to file an answer or other responsive pleading within 20 days of service expressly notifies both parties that the Court was not reaching a determination regarding the ***timeliness*** of the petition at that time.  More importantly, Ingram does not dispute the accuracy of the state court filings submitted by Respondents confirming the finality of his conviction and his subsequent

---

[3]The Court notes that Ingram has asserted that his underlying guilty plea was not voluntarily and intelligently made because he is mentally disabled due to post-traumatic stress disorder.  To the extent that he is attempting to assert mental illness as a basis for equitable tolling, this argument is unavailing.  While a physical or mental impairment "may toll AEDPA'S statute of limitations, it does not do so as a matter of right." *Smith v. Kelly*, 301 F.App'x 375 (5th Cir.2008) (emphasis in original).  Ingram bears the burden of establishing that rare and exceptional circumstances warrant equitable tolling. Yet, he does not submit any evidence "supporting his contention that his medical condition or medication impaired his ability to [timely] file his federal habeas petition." *Robinson v. Johnson*, 218 F.3d 744 (5th Cir.2000).

[4]ECF No. 5.

[5]ECF No. 8, p. 3.

failure to timely pursue post-conviction remedies before the expiration of AEDPA's one year statute of limitations. Nor does Ingram identify any additional documents from the state court record that are necessary to the disposition of the timeliness issue, or dispute that he filed his federal petition on April 2, 2013, more than six years after he entered his initial guilty plea in state court.[6] In the absence of any evidence warranting statutory or equitable tolling, the Court finds that his habeas petition is barred by the statute of limitations, and should be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and

---

[6]The Court is mindful of Petitioner's unsubstantiated claim that the court reporter has allegedly stated that she made errors in transcribing his guilty plea hearing and that she is purportedly willing to testify to that effect. The undersigned finds no evidence in the record, however, that this issue was exhausted on state post-conviction review, and Petitioner does not assert that these alleged transcript errors establish that his plea was not knowingly, voluntarily, and intelligently made.

recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 16th day of October 2013.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE